**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH PARNELL,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN FT. DIX,<br><br>            Respondent. | Civil Action No. 22-433 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Kenneth Parnell's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 3), which seeks to challenge the denial of Petitioner's request for compassionate release. Following an order to answer, the Government filed a response to the petition (ECF No. 9), to which Petitioner replied. (ECF No. 12.) For the reasons expressed below, Petitioner's amended habeas petition is denied.

**I.    BACKGROUND**

Petitioner is a convicted federal prisoner currently imprisoned in Fort Dix. (ECF No. 3.) Following the passage of the CARES Act and the resulting expansion of availability of home confinement for certain groups of federal inmates, Petitioner entered a request to be placed on home confinement in May 2021. (ECF No. 3 at 3.) This request was denied because Petitioner is currently serving a sentence for what the BOP deems crimes of violence – a conviction under § 924(c) for possession of a firearm in relation to a drug crime or crime of violence and convictions

for attempted and conspiracy to commit Hobbs Act robbery. (*Id.*) Unhappy with this outcome and under the belief that the BOP's determination that his convictions were crimes of violence was unconstitutional, Petitioner filed a request with Fort Dix asking them no longer to apply their interpretation of the CARES Act which had resulted in the denial of his home release request. (*Id.*) This request and Plaintiff's subsequent appeals were denied. (*Id.* at 3-4.) Petitioner now seeks to use his habeas petition to challenge the denial of release on home confinement and the BOP's interpretation of what constitutes a crime of violence sufficient to prevent discretionary release following the CARES Act. (*Id.* at 4-10.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner attempts to challenge the denial of his request for release to home confinement under the CARES Act and the BOP's guidelines for deciding that discretionary request. As the Third Circuit has explained,

> Under 18 U.S.C. § 3624(c)(2), the Director of the BOP may place a prisoner in home confinement for the shorter of ten percent of his or her term of imprisonment or six months. The CARES Act authorized the Director to extend the period of home confinement in light of the COVID-19 pandemic.... As these statutes make clear, the BOP has exclusive control over an inmate's placement in home confinement. *See Tapia v. United States*, 564 U.S. 319, 331 (2011)

2

> ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted)). Therefore, . . . District Court[s] . . . lack[] authority under the CARES Act to order that [a prisoner] be placed in home confinement[.]

*Collins v. Warden Canaan FPC*, No. 21-2878, 2022 WL 2752536, at *2 (3d Cir. July 14, 2022). Thus, while District Courts lack the authority to order release to home confinement, they may yet have the authority to at least review the BOP's decision to deny such a placement for an abuse of discretion. *Id.*; *see also Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012). In making a decision as to the propriety of a home confinement placement, the BOP should consider statutory factors including the resources of the facility in which an inmate is to be placed, the nature and circumstances of his offenses of conviction, the history and characteristics of the prisoner, certain statements made by the sentencing court, and any pertinent policy statements issued by the Sentencing Commission; as well as a number of discretionary factors outlined in memoranda issued by the Attorney General following the passage of the Cares Act. *Collins*, 2022 WL 2752536 at *2; *see also Gallo v. Ortiz*, No. 20-16416, 2021 WL 571600, at *2-3 (D.N.J. Feb. 16, 2021). These criteria include the nature of the prisoner's offense, the existence of any detainers, the mental health history of the inmate, his PATTERN risk assessment score, his prison disciplinary history, his nationality, and whether the individual has provided a viable release plan. *Gallo*, 2021 WL 571600 at *3. Under these discretionary criteria, those inmates whose offenses are crimes of violence are considered ineligible for release to home confinement, and, in light of the wide discretion provided to the BOP under the CARES Act and the Attorney General's memoranda, it is not an abuse of discretion for the BOP to consider such crimes per se bars to home confinement. *Id.*; *see also Aigebkaen v. Warden*, No. 20-5732, 2020 WL 6883438 at *5 (D.N.J. Nov. 24, 2020).

In this matter, the BOP considered Petitioner's request and ultimately denied that request because it determined him to be serving sentences for crimes of violence making him ineligible for release on home confinement. Under BOP Program Statement 5162.05, *any* § 924(c) conviction is automatically deemed to be a crime of violence. The BOP further generally defines a crime of violence to be a crime which is a felony and either has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or by its nature involves a substantial risk that physical force will be used against the person or property of another, a definition which mirrors that for determining what qualifies as a crime of violence under § 924(c). It is thus clear that, under established BOP rules, Petitioner's § 924(c) conviction, at the very least, qualifies as a crime of violence, and his attempted and conspiracy to commit Hobbs Act robbery offenses also qualify as they involve a substantial risk that physical force will be used against the person or property of another. Thus, Petitioner's convictions provide a sufficient basis for the BOP to deny his request for release into home confinement, and the BOP did not abuse its discretion in denying release.

Although Petitioner essentially concedes that he was denied release into home confinement because of his crimes of conviction, he contends that the definition of a crime of violence used by the BOP is improper because the Supreme Court struck down similarly worded definitions of a crime of violence in a number of criminal statutes, including 18 U.S.C. § 924(c)(3). *See, e.g., United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019) (finding the residual clause of § 924(c)(3)(B) void for vagueness). The void for vagueness doctrine, however, applies only to criminal statutes which either define criminal offenses of fix the range of permissible sentences for a criminal offense. *See, e.g., Beckles v. United States*, 580 U.S. 256, 262 (2017). However, the doctrine does not apply to guidelines established to guide a discretionary decision. *Id.* at 263. The void for vagueness doctrine is thus patently inapplicable to a BOP program statement, and

4

serves as no basis to overturn the BOP's definition of a crime of violence for the purposes of determining eligibility for home confinement under the BOP's discretionary authority under the CARES Act. Petitioner's challenge to the BOP's determination of what constitutes a crime of violence for such purposes thus fails, and provides no basis to challenge the BOP's discretionary decision to deny Petitioner home confinement. Because the BOP did not abuse its discretion in denying Petitioner home confinement as he had committed an offense which rendered him ineligible under the discretionary factors established by the Attorney General, because this Court has no authority to order home confinement, and because Petitioner's challenge to the standards used to determine his ineligibility fails as a matter of law, Petitioner has failed to set forth a valid basis for habeas relief, and his amended petition is therefore denied.

### IV. CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 3) is **DENIED.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge